Signed: July 06, 2006

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOHN THOMAS COBURN,<br><br>      Debtor.<br>_____/ | No. 00-40496 TD<br>Chapter 7 |
| JAMES D. GOLLADAY,<br><br>      Plaintiff,<br><br>  vs.<br><br>LOIS I. BRADY, Trustee,<br><br>      Defendants.<br>_____/ | A.P. No. 06-4072 AT |

**MEMORANDUM OF DECISION**

In this adversary proceeding, Creditor James D. Golladay ("Golladay") asserts claims against Lois I. Brady, the chapter 7 trustee of the above-captioned estate, (the "Trustee") for negligence, breach of fiduciary duty, and negligent misrepresentation. The Trustee moves to dismiss the claims with prejudice. For the reasons stated below, her motion will be granted.

**SUMMARY OF FACTS**

John Thomas Coburn ("Coburn") filed a voluntary chapter 11 petition on January 27, 2000. He had caused his solely owned corporation, Envirodyne Corporation ("Enviroydyne"), to file a chapter 11 petition the previous day. Both Envirodyne and Coburn continued to operate during the chapter 11 cases as debtors in possession. No reorganization plan was ever confirmed in either case, and on May 1, 2001, orders were entered converting both cases to chapter 7 of the Bankruptcy Code.

Brady was appointed as the chapter 7 trustee in the Coburn case. In November 2001, she was authorized to employ Reidun Stromsheim as her general bankruptcy counsel. Various disputes arose between Brady and the chapter 7 trustee of the Envirodyne estate--William Broach ("Broach")--concerning which estate owned which scheduled asset. The principal assets in controversy were a condominium in Mexico (the "Mexican Condo"), a judgment against Donna Pinion (the "Pinion Receivables"), and two race cars, a T-70 Lola (the "T-70 Race Car"), and a T-162 Lola (the "T-162 Race Car"). Brady and Broach negotiated a settlement of those disputes (the "Trustees' Compromise"). Golladay filed an objection to the Trustees' Compromise when it was noticed for Court approval in the Envirodyne case.

Thereafter, Golladay negotiated a settlement of his objection with Brady and Broach (the "Golladay Compromise"). In February 2004, Brady gave notice to creditors of the Coburn estate of the Golladay Compromise. No party in interest objected, and an order approving the Golladay Compromise was entered on March 29, 2004. Based on the

2

Golladay Compromise, Golladay withdrew his objection to the Trustees' Compromise in the Envirodyne case.

Brady filed her final report and final application for compensation in the Coburn case on October 26, 2004. Orders approving the final report and the fee applications were entered on December 9, 2004. On February 15, 2005, a final decree was entered, and the Coburn case was closed. On February 22, 2006, on Golladay's motion, the Coburn case was reopened to permit Golladay to prosecute a previously filed adversary proceeding against Brady: i.e., the above-captioned adversary proceeding.

On March 13, 2006, Brady filed a motion to dismiss the complaint (the "Original Complaint"). On April 10, 2006, Brady filed a supplement to the motion (the "Supplement"). The parties appeared at a status conference in the proceeding on April 17, 2006. The Court continued the status conference to May 18, 2006 when the motion to dismiss was scheduled to be heard. The Court gave Golladay until May 4, 2006 to file an opposition to the motion and Brady until May 11, 2006 to file a reply. No further briefs were filed. However, on May 16, 2006, Golladay filed an amended complaint (the "Amended Complaint"). The parties appeared at the May 18, 2006, and the matter was argued at some length. At the conclusion of the hearing, the motion was taken under submission.

**DISCUSSION**

**A. APPLICABLE LAW**

Although Brady's motion to dismiss the Original Complaint does not identify the procedural rule upon which it relies, the motion

3

appears to be based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. There is a presumption against granting a motion to dismiss a complaint with prejudice on this basis. Such motions should be granted only if, taking all of the allegations set forth in the complaint to be true, there does not appear to be any reasonable chance that a claim may be stated upon which relief could be granted. See Whitehorn v. Federal Communications Comm'n, 235 F.Supp.2d 1092, 1096 (D. Nev. 2002).

**B. DECISION**

The initial basis for the Brady's motion to dismiss the Original Complaint filed by Golladay was that Golladay had failed to obtain the Court's permission to sue her.[1] She filed this motion pro se and cited no authority in support of her motion. In the Supplement, now represented by counsel, she cited authority which she contended supported the initial basis for her motion, referring to it as the Barton Doctrine. In addition, Brady asserted that Golladay's claims were barred by the doctrine of res judicata. She incorporated the

---

[1] She also based her original motion to dismiss on Golladay's failure to serve her with the complaint and summons on a timely basis. She noted that the summons was issued on February 14, 2006, was required to be served within 10 days from the issuance of the summons. See Fed. R. Bankr. Proc. 7004(e). She declared that she did not receive copies of the summons and complaint until March 11, 2006. Although this would have prevented Golladay from having Brady's default taken if she failed to answer the complaint, it was not grounds for dismissal of the complaint. A plaintiff may correct the error of untimely service of a summons and complaint by obtaining the issuance of an alias summons and serving the alias summons and the complaint within 10 days from the date of issuance of the alias summons.

4

arguments based on this theory made by Broach in his motion to dismiss the adversary proceeding filed against him by Golladay in the Envirodyne case. The Court will address each of these two rationales for Brady's motion below.

**A. BARTON DOCTRINE**

Brady contends that the Barton Doctrine compels dismissal of the Original Complaint, presumably without prejudice. The Barton Doctrine holds that permission of the appointing court must be obtained before a trustee is sued in a court other than the appointing court. See In re Crown Vanatge, Inc., 421 F.3d 963, 970 (9th Cir. 2005); In re Kashani, 190 B.R. 875, 889 (Bankr. 9th Cir. 1995). It does not apply when a trustee is sued in the court that appointed her. Kashani at 888. Therefore, Brady's motion to dismiss may not be granted based on the Barton Doctrine.

**B. RES JUDICATA**

As noted above, the Supplement added a second basis for the motion to dismiss, adopted from the motion filed by Broach in the Envirodyne case. In the Supplement, Brady contended that Golladay's claims were barred by the doctrine of res judicata. The doctrine of res judicata--sometimes referred to as claim preclusion--provides that a final judgment on the merits precludes further litigation on issues that either were *or could have been* litigated in the prior proceeding. Montana v. U.S., 440 U.S. 147, 153 (1979); Nordhorn v. Ladish Co., 9 F.3d 1402, 1404 (9th Cir. 1993).

Brady contends that Golladay's claims are barred by res judicata based on the order approving her final fee application, to which he

5

did not object. In a bankruptcy case, a final fee award is considered a final judgment on the merits. See In re Iannochino, 242 F.3d 36, 44 (1st Cir. 2001). As recited above, Brady's final fee application was approved pursuant to an order entered on December 9, 2004. Golladay was sent notice of the hearing on the application and did not file an objection. Because claims of malfeasance or nonfeasance could have been asserted as an objection to a fee application, subsequent actions against a trustee or professional by a party in interest who received notice of the applications are barred by the doctrine of res judicata. See In re Shaw, 2000 WL 1897344 at *6 (N.D. Cal. 2000); Epstein v. Visher, 1997 WL 231108 at *1 (N.D. Cal.).

In determining whether the doctrine of res judicata bars pending litigation, the Court must examine four factors as follows:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Nordhorn, 9 F.3d at 1405. In the Original Complaint, Golladay alleged that Brady acted negligently and breached her fiduciary duty in the following respects:

1. Falsely stated that the Mexican Condo belonged to the Coburn estate and was registered in Coburn's name when it was in fact owned by Envirodyne;

6

2. Negligently failed to take timely and effective action to acquire possession of the Mexican Condo for the Coburn estate;

3. Falsely maintained that the T-70 Race Car, which was owned by Envirodyne, was property of the Coburn estate and negligently took no effective action to prevent Coburn from successfully concealing it or to punish him for having done so;

4. Negligently failed to employ a private investigator to press for recovery of the T-70 Race Car;

5. Ignored Golladay's repeated pleas to represent the Coburn estate directly to the Mexican court so as to obtain control over the Mexican Condo.

In the Amended Complaint, Golladay added a claim for negligent misrepresentation, alleging that Brady negligently misrepresented that the Mexican Condo was registered in Coburn's name and was owned by him.[2] Each of the four factors identified in Nordhorn, as applied to these claims, is discussed below.

(**1**) **Whether Prior Rights Established Would be Destroyed**.

The right of a professional to a fee award would be impaired by permitting a subsequent malpractice claim to be asserted. Shaw at *5. Similarly, here, Golladay's claims against Brady--for negligence, breach of fiduciary duty, and negligent representation--would impair her fee awards. Thus, the first of the four required factors is clearly satisfied.

---

[2] In the Amended Complaint, Golladay also asked the Court to set aside the Golladay Compromise. This request will be addressed in the final section of this memorandum.

7

**(2) Whether Two Actions Would Require Substantially the Same Evidence**.

In Shaw, the party asserting the subsequent malpractice action had objected to the fee application. The Shaw court found that the evidence presented in support of the objection was the same evidence that would be offered in support of the malpractice action. Shaw at *5. Here, Golladay did not file an objection to the fee applications. However, all of the factual bases for the claims asserted here could have been asserted in support of such an objection.

As noted above, for res judicata to apply, a party need not have asserted the claim in the prior action. It is sufficient that the party could have asserted the claim. As recited above, Golladay received ample notice of the fee applications. He had a full and fair opportunity to assert his claims in the context of an objection to the fee applications. Thus, the Court concludes that the second of the four factors is also satisfied.

**(3) Whether Both Actions Involve Infringement of Same Right**.

The Court also concludes that the third factor has been satisfied. The claims asserted by Golladay here involve the infringement of the same right as that raised by the fee application. The right asserted by Golladay here is the right to have the chapter 7 trustee exercise due care in marshalling the debtor's assets for the benefit of the estate's creditors. This is the same right that he could have asserted by means of an objection to the fee application.

8

**(4) Whether Both Actions Arise Out of Same Nucleus of Facts**.

The final factor is also clearly satisfied. The fee application of a chapter 7 trustee puts at issue the quality of her services on behalf of the estate and its creditors. This is the same nucleus of facts raised by Golladay's claims. See In re Coastal Plains, Inc., 338 B.R. 703, 713 (N.D. Tex. 2006)(causes of action for negligence and breach of fiduciary duty are based on same nucleus of operative facts as trustee's fee application).

Based on the foregoing, the Court concludes that all of the claims asserted in the Original and Amended Complaint are barred by res judicata effect of the order approving Brady's final fee application. Therefore, the claims asserted in the Original and Amended Complaint should be dismissed with prejudice.

## C. MOTION TO SET ASIDE GOLLADAY COMPROMISE

In the Amended Complaint, Golladay also asks the Court to set aside the order approving the Golladay Compromise.[3] He alleges that he entered into the Golladay Compromise based on his false assumption that Brady would supply any necessary legal documents to permit him to obtain ownership of the Mexican Condo. He contends that the Court would not have approved the Golladay Compromise had it known about this false assumption.

---

[3] Because the order approving the Golladay Compromise was entered in the bankruptcy case, not in this adversary proceeding, this request should have been made by motion in the case. However, as a matter of judicial economy, the Court will address it in the context of this proceeding.

9

As recited above, the order approving the Golladay Compromise was entered on March 29, 2004. Golladay did not seek to set aside this order until the Amended Complaint was filed on May 16, 2006. Clearly, Golladay learned of the factual basis for his request to set aside the order long before the Amended Complaint was filed. The Court finds that his request untimely. See Fed. R. Civ. Proc. 60(b), made applicable to this proceeding by Fed. R. Bankr. Proc. 9024.

Moreover, setting aside the order approving the Golladay Compromise would have no effect on the Court's ruling on Brady's motion. Unlike Broach's motion in the Envirodyne case, Brady's motion is not based on any release provisions contained in the agreement embodying the Golladay Compromise. It is based solely on the doctrine of res judicata

.  **CONCLUSION**

Defendants' motion to dismiss will be granted in its entirety. The Barton Doctrine does not support dismissal of the Original or Amended Complaint. The Barton Doctrine applies only to suits against trustees filed in courts other than the appointing court. However, all of the claims asserted in the Original and Amended Complaint are barred based on the res judicata effect of the order approving Brady's final fee application. Therefore, the motion to dismiss all of the claims asserted with prejudice will be granted.

Golladay's request that the order approving Golladay Compromise be set aside will be denied. The request is untimely. More important, it would be futile in that it would not change the outcome of the motion to dismiss. In this proceeding, the motion to dismiss

10

is not based on any release provisions contained in the settlement agreement embodying the Golladay Compromise.

Brady is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

```
 1                            COURT SERVICE LIST
 2   Dennis D. Davis
 3   Goldberg, Stinnett, Meyers & Davis
     44 Montgomery St., Ste. 2900
 4   San Francisco, CA 94104

 5   James D. Golladay
     P.O. Box 1784
 6   Grass Valley, CA 95945
```